## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYSHA NEWMAN, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>BAYER CORPORATION, and BAYER HEALTHCARE LLC,<br><br>                              Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tanysha Newman ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Bayer AG, Bayer Corporation and Bayer Healthcare, LLC (collectively, "Bayer" or "Defendants") and states as follows:

### NATURE OF THE ACTION

1.      This is a consumer protection class action arising out of Defendants' false advertising of their One A Day chewable supplements.  Defendants' claim behind their One A Day line of supplements is that the consumer need only consume one supplement per day to get the full nutritional benefit.  While this may be true for Defendants' capsule supplements, it is not true for their "gummies" or chewable line of One A Day supplements (hereinafter referred to as "Chewables"), which require the consumer to take two or more supplements per day to get the full nutritional benefit.

2.      Because the One A Day Chewables are labelled as "One A Day," Plaintiff and Class Members (as defined below) are misled into believing that they only need to take one Chewable per day to receive the full nutritional value when they actually have to take two or more.  This means the bottles of Chewables purchased by consumers last half as long as advertised.  Plaintiff and Class Members are essentially paying full retail price for half the amount of supplements.

3.     Further, on the front of the bottle's label and packaging, Defendants prominently advertise the number of gummies contained in each bottle.  This, combined with the false "One a Day" representation, sends the message that the bottle will provide the full nutritional benefit for the same number of days as there are gummies in the bottle.  In fact, the bottle provides nutrition for, at most, only half that number of days.

4.     Defendants communicated the same substantive message throughout their advertising and marketing for the supplements, including on the bottle itself and on the front of the supplements' packaging.  Each person who purchased the supplements has been exposed to Defendants' misleading advertising message multiple times.

5.     As a result of the express and implied misleading messages conveyed by their marketing campaign, Defendants have caused Plaintiff and Class Members to purchase a product that does not perform as represented.  Plaintiff and other similarly situated consumers have been harmed in the amount they paid, or overpaid, for the Chewables.

6.     The California Court of Appeal has already determined that the foregoing conduct by Bayer is deceptive and likely to mislead reasonable consumers.  As that court held, "Bayer's One A Day gummies cannot be said, as a simple application of common sense, to indicate that two gummies a day are required.  Indeed, common sense flows in the other direction: If the label prominently displays the words 'One A Day' *there is an implication that the daily intake should be one per day*."  *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1172 (2018) (emphasis added).  Thus, "'One A Day,' when it comes to gummies, is explicitly misleading." *Id*.

7.     Plaintiff brings this action on behalf of herself and all others similarly situated consumers to halt Defendants' dissemination of this false and misleading advertising message, correct the false and misleading perception they have created in the minds of consumers, and obtain redress for those who have purchased the supplements.

8.     Plaintiff brings claims on behalf of herself and all other similarly situated purchasers of the Chewables for (i) breach of express warranty, (ii) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, (iii) violation of New York General Business Law ("GBL") § 349, (iv) violation of GBL § 350, and (v) fraud.

## PARTIES

9.     Plaintiff Tanysha Newman is and was at all relevant times an individual residing in Newburgh, New York with an intent to remain there, and is therefore a domiciliary of New York. In or about December 2021, Ms. Newman purchased the chewable variants of Defendants' One A Day Multi+ Hair, Skin & Nails and One A Day Women's Key Vital Function VitaCraves from a Walmart, Target, and Dollar General in New York.  Because the Chewables were labeled "One A Day," Ms. Newman reasonably believed that she only had to take one chewable per day to receive the full nutritional value.  Further, the Chewables listed the number of gummies per bottle, and Ms. Newman reasonably believed that the bottle of the Chewables supplied Ms. Newman with as many days of full nutritional value as there were gummies in the bottle.  Ms. Newman relied on these representations and warranties in determining whether to purchase the Chewables.  Had Ms. Newman known that, contrary to Defendants' representations, she needed to take two or more gummies to receive the full nutritional value of the Chewables, Ms. Newman either would not have purchased the Chewables or would have paid substantially less for them.  Ms. Newman suffered an economic injury in the form of the price premium she paid as a result of Defendants' misrepresentations.

10.     Defendant Bayer Corporation is an Indiana corporation wholly owned by Bayer AG with its headquarters at 100 Bayer Boulevard, Whippany, New Jersey 07981.

11.     Defendant Bayer HealthCare LLC is a Delaware limited liability company wholly owned by Bayer Corporation with its headquarters at 100 Bayer Boulevard, Whippany, New Jersey

07981.  Bayer HealthCare, LLC is responsible for the marketing, distribution, and sale of Bayer One A Day supplements to millions of consumers throughout the United States.

12.    Defendants advertise, market, and distribute the chewables to thousands of customers across the country and in the state of New York.

## JURISDICTION AND VENUE

13.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, there are over 100 members of the putative class, and at least one member of the proposed Class is a citizen of a different state than at least one Defendant.

14.    This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within New York, such that Defendants have significant, continuous, and pervasive contacts with the state of New York.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendants transact business and/or have agents within this District.

## STATEMENT OF FACTS

16.    Throughout the Class Period, Defendants distributed, marketed, and sold the One A Day Chewables on a nationwide basis.

17.    The Chewables are sold online and through various retailers.

18.    Upon information and belief, Defendants' "One A Day" chewable supplements include the following:

- One A Day Multi+ Hair, Skin & Nails

- One A Day Women's VitaCraves Gummies

- One A Day Men's VitaCraves Gummies

- One A Day VitaCraves Gummies with Health Metabolism Support

- One A Day Teen for Her VitaCraves Gummies

- One A Day Teen for Him VitaCraves Gummies

- One A Day VitaCraves Gummies with Immunity Support

- One A Day VitaCraves Gummies with Omega-3 DHA

- One A Day VitaCraves Adult Multi Gummies

- One A Day VitaCraves with Energy Support

- One A Day VitaCraves ChewyBites

19.     Throughout their advertising of the supplements, Defendants have consistently advertised and labelled the Chewables as "One A Day" supplements.   Further, Defendants indicated the specific number of gummies in each bottle of the Chewables.   Below is a representative sample of the packaging and labelling of these supplements:



20.     Because the Chewables are labeled "One A Day," Plaintiff and Class Members reasonably believed that they only needed to take one chewable supplement per day to receive the full nutritional value.

21.     Further, the number of supplements contained in each bottle is prominently displayed on the front of the bottle's label and packaging.   For instance, the sample of the packaging displayed above lists "170 gummies."   Based on that representation, in combination with the "One A Day" branding, Plaintiff and Class Members reasonably believed that the bottle of Chewables would provide sufficient nutritional value for the same number of days as there are gummies in the bottle (*e.g.*, 170 gummies = 170 days of nutritional value).

22.     These representations are not true.   Consumers need to take at least two gummies to receive the full nutritional value, meaning the bottles of Chewables purchased by Plaintiff and Class Members therefore provide value for, at most, half as long as advertised.

23.     In fact, due to the requirement that the consumer take two or more gummies per day, the bottle provides supplements covering half (or less) that amount of time.

24.     Moreover, although One A Day chewables require the consumer to take at least twice as many (and, sometimes, as much as four times as many) supplements to get the full daily nutritional benefits, the One A Day Chewables contain the same or similar amount of supplements as the One A Day capsule supplements and cost just as much, if not more:

| Brand/Product | Quantity | Price | Price Per Supplement[1] |
|---|---|---|---|
| One A Day Men's VitaCraves Gummies[2] | 170 Count | $13.92 | $0.08 |
| One A Day Men's Complete Multivitamin[3] | 200 Count | $14.97 | $0.07 |

25.     However, because Plaintiff and Class Members have to take two (or more) chewables, instead of just one as labelled, Plaintiff and Class Members are unwittingly paying full retail price for half the number of supplements.

26.     Reasonable consumers do not expect supplements labeled "One A Day" to actually require consumption of two or more supplements per day and also do not expect to pay more for those supplements to receive less.  Indeed, "One A Day has spent 75 years convincing the public they could be trusted to divine its vitamin needs.  Most of the [Class Members] to whom One A Day sells have spent literally their entire lives listening to One A Day tell them, essentially, 'Trust us. We know what you need. You will never know as much about vitamins as we do, but you can

---

[1] Calculated by dividing the total price of the product by the number of supplements (gummies or capsules) in the bottle.

[2] https://www.oneaday.com/vitamins/vitamins-for-men/vitacraves-gummy-mens-multivitamin.

[3] https://www.oneaday.com/vitamins/vitamins-for-men/multivitamin-for-mens-health.

rely on us.  *Take one of our tablets every day and you won't need any other supplements.*'"  *Brady*, 26 Cal. App. 5th at 1163 (emphasis added).

27.    On the back of the bottle of the Chewables, Defendants list in small font in the "Supplement Facts" section that the serving size for the Chewables is "2 gummies," and that each bottle contains only half as many servings as the number of gummies in the bottle:

28.    No reasonable consumer would expect that "information [] printed in nano-type" in the nutritional facts on the back of the bottle would contradict Defendants' unqualified claim that a consumer must take only one gummy a day to receive full nutritional value.  *Brady*, 26 Cal. App. 5th at 1172.  Indeed, no symbol or other indicator on the front of the bottle even ostensibly directs consumers to this inconsistent language on the back of the bottle.  Again, as the California Court of Appeal held, "[t]he front label shouts that one per day will be sufficient … You cannot take away in the back fine print what you gave on the front in large conspicuous print. The ingredient list must *confirm* the expectations raised on the front, not contradict them."  *Brady*, 26 Cal. App. 5th at 1172 (emphasis in original).

8

29.     Defendants have consistently conveyed uniform, deceptive messages to consumers throughout the United States, including New York consumers, that the Chewable supplements are "One A Day" supplements, meaning the customer need only take one supplement per day to receive the full nutritional benefit.  This message has been made and repeated across a variety of media, including on Defendants' websites, in online promotional materials, and, most importantly, at the point of purchase on the front packaging and labeling where consumers cannot miss it.

30.     Defendants have reaped enormous profits from their false advertising and sale of supplements.

31.     The "One A Day" branding and listed number of gummies per bottle of Chewables are and were material representations to Plaintiff and Class Members.

32.     Plaintiff and the Class Members have been and will continue to be deceived by Defendants' false and deceptive advertising claims about the Chewables.  Plaintiff read and considered these claims and then purchased the chewables during the class period.  Defendants' advertising and marketing claims were a material factor in influencing Plaintiff's decision to purchase supplements.

## CLASS ALLEGATIONS

33.     Plaintiff seeks to represent a class defined as all persons who purchased Defendants' chewable "One A Day" supplements in the United States during the applicable statute of limitations period (the "Nationwide Class").  Excluded from this Class are Defendants and their officers, directors, and employees, and those who purchased supplements for the purpose of resale. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

34.     Plaintiff also seeks to represent a subclass defined as all Nationwide Class Members who purchased Defendants' chewable "One A Day" supplements in New York during the applicable statute of limitations period (the "New York Subclass").

35.     The "Nationwide Class" and the "New York Subclass" shall be collectively referred to as the "Class," and the members of the "Nationwide Class" and the "New York Subclass" shall be collectively referred to as "Class Members."

36.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

37.     **Numerosity.** The Class Members are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are thousands of Class Members.  Although the precise number of Class Members is unknown to Plaintiff, the true number of Class Members is known by Defendants and may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

38.     **Existence and Predominance of Common Questions of Law and Fact.** This action involves common questions of law and fact, which predominate over questions affecting individual class members.  These common legal and factual questions include, but are not limited to, the following

>    (a)     Whether the claims discussed above are true, or are misleading, or are objectively reasonably likely to deceive;

>    (b)     Whether Defendants' alleged conduct violates public policy;

>    (c)     Whether Defendants' alleged conduct constitutes violations of the laws

asserted;

(d)     Whether Defendants engaged in false or misleading advertising;

(e)     Whether Plaintiff and Class Members have sustained monetary loss, and the proper measure of that loss; and

(f)     Whether Plaintiff and Class Members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

39.     **Typicality.** Plaintiff's claims are typical of the claims of the Class Members because, *inter alia*, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive "One A Day" claims that accompanied each and every Chewable Defendants sold.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members.

40.     **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

41.     **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgements arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties, as well as the court system, from the issues raised by

this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court. The class action device presents no unusual management difficulties under the circumstances here.

## COUNT I
### Breach of Express Warranty
### (On Behalf of the Nationwide Class and New York Subclass)

42.    Plaintiff incorporates by reference and realleges each and every allegation above as if fully set forth herein.

43.    Plaintiff brings this claim individually and on behalf of the Class against Defendants.

44.    As the designer, manufacturer, marketer, distributor, and/or seller of the Chewables, Defendants issued an express warranty by representing to consumers in advertising and at the point of purchase that consumers would only need to consume one gummy per day to get the full nutritional value of the supplements.  Defendants' representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Class Members.

45.    In fact, the Chewables do not conform to Defendants' representations about serving yield.  Consumers must consume more than one, and in some cases up to four, chewables per day to get the full nutritional benefit.  By falsely representing the Chewables in this way, Defendants breached express warranties.

46.    As a direct and proximate result of Defendants' breach, Plaintiff and Class Members were injured because they:

(a)    Paid money for Chewables that were not what Defendants represented;

(b)    Were deprived of the benefit of their bargain because the Chewables they purchased were different than Defendants advertised; and

(c)     Were deprived of the benefit of their bargain because the bottles of chewables they purchased had less value than Defendants represented.  Had Defendants not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the chewables or would have not paid as much as they did for them.

47.     On July 28, 2022, prior to filing this action, Defendants were served with a pre-suit notice letter that complied in all respects with U.C.C. §§ 2-313, 2-607.  Plaintiff's counsel sent Defendants a letter advising Defendants that they breached an express warranty and demanded that Defendants cease and desist from such breaches and make full restitution by refunding the monies received therefrom.  The letter also informed Defendants of their breach of the Magnuson-Moss Warranty Act and numerous statutory violations.  A true and correct copy of the letter is attached hereto as **Exhibit 1**.

## COUNT II
### Violation of Magnuson-Moss Warranty Act,
### 15 U.S.C. §§ 2301, *et seq.*
### (On Behalf of the Nationwide Class and New York Subclass)

48.     Plaintiff incorporates by reference and realleges the allegations above as if fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the Class against Defendants.

50.     The Chewables are consumer products as defined in 15 U.S.C. § 2301(1).

51.     Plaintiff and Class Members are consumers as defined in 15 U.S.C. § 2301(3).

52.     Defendants are suppliers and warranters as defined in 15 U.S.C. §§ 2301(4)-(5).

53.     In connection with the sale of the Chewables, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), that customers need only consume one gummy per day to receive the full nutritional value.

54.     In fact, the Chewables do not conform to Defendants' warranty because customers must consume two to four gummies per day to receive the full nutritional value.

55.     By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiff and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seg*, thereby damaging Plaintiff and Class Members.

56.     Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because they would not have purchased the chewables or would have paid substantially less for them if they knew of Defendants' false and misleading representations.

### COUNT III
### Violation of GBL § 349
### (On Behalf of the New York Subclass)

57.     Plaintiff incorporates by reference and realleges the allegations above as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the New York Subclass against Defendants.

59.     Defendants committed deceptive acts and practices by employing false, misleading, and deceptive representations about the number of gummies that must be consumed per day to receive the full nutritional benefit of the Chewables.  Accordingly, Plaintiff and New York Subclass Members were misled consumers into believing the bottles of Chewables they purchased will last a greater number of days than they actually last.

60.     Defendants' deceptive acts and practices were directed at consumers.

61.     Defendants' deceptive acts and practices are misleading in a material way because they fundamentally represent the number of gummies that Plaintiff and New York Subclass Members must consume to receive the full nutritional value of the Chewables, and they fundamentally misrepresent the number of days that the Chewables will last for.

62.     As a direct and proximate result of Defendants' false, misleading, and deceptive representations, Plaintiff and New York Subclass Members were injured in that they would not have purchased the Chewables, or would have paid substantially less for it, but for Defendants' false and misleading representations that consumers needed to only take one gummy per day to receive the full nutritional value of the Chewables

63.     On behalf of herself and the New York Subclass, Plaintiff seeks to recover her actual damages or fifty (50) dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<u>COUNT IV</u>
**Violation of GBL § 350**
**(On Behalf of the New York Subclass)**

64.     Plaintiff incorporates by reference and realleges the allegations above as if fully incorporated herein.

65.     Plaintiff brings this claim individually and on behalf of the New York Subclass against Defendants.

66.     Defendants engaged in a campaign of false advertising with regard to the number of gummies that must be consumed per day to receive the full nutritional benefit to mislead consumers into believing the bottles of Chewables they purchased will last a greater number of days than they actually last.

67.     Defendants' deceptive acts and practices were directed at consumers.

68.     Defendants' advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

69.     Defendants' misrepresentations have resulted in consumer injury or harm to the public interest.

70.     Defendants' deceptive acts and practices are misleading in a material way because they fundamentally represent the number of gummies that Plaintiff and New York Subclass Members must consume to receive the full nutritional value of the Chewables, and they fundamentally misrepresent the number of days that the Chewables will last for.

71.     As a direct and proximate result of Defendants' false, misleading, and deceptive representations, Plaintiff and New York Subclass Members were injured in that they would not have purchased the Chewables, or would have paid substantially less for it, but for Defendants' false and misleading representations that consumers needed to only take one gummy per day to receive the full nutritional value of the Chewables

72.     On behalf of herself and New York Subclass Members, Plaintiff seeks to recover her actual damages or five hundred (500) dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**<u>COUNT V</u>**
**Fraud**
**(On Behalf of the Nationwide Class and the New York Subclass)**

73.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim individually and on behalf of the Class against Defendants.

75.     As discussed above, Defendants provided Plaintiff and Class Members with false or misleading material information about the Chewables, including but not limited to the fact that consumers needed to only consume one gummy per day to receive the full nutritional value of the Chewables, and that each bottle of the Chewables would provide full nutritional value for as many days as there were gummies in each bottle.

76.     These misrepresentations were made with knowledge of their falsehood.

side

77.     The misrepresentations made by Defendants, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class Members to purchase the Chewables.

78.     The fraudulent actions of Defendants caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     Declaring that Defendants' conduct violates the statutes referenced herein;

(c)     Finding in favor of Plaintiff and the Class against Defendants on all counts asserted herein;

(d)     For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e)     Awarding Plaintiff and Class Members their costs and expenses incurred in the action, including reasonable attorney's fees;

(f)     Ordering Defendants to pay pre-judgment interest on all amounts awarded;

(g)     Providing such further relief as may be just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated: August 19, 2022                           Respectfully submitted,

                                                 **BURSOR & FISHER, P.A.**

                                                 By:____*/s/ Max S. Roberts*_____
                                                         Max S. Roberts

                                                 Max S. Roberts, Esq.
                                                 888 Seventh Avenue
                                                 New York, NY  10019
                                                 Telephone: (646) 837-7150
                                                 Facsimile: (212) 989-9163
                                                 E-mail: mroberts@bursor.com

                                                 **BURSOR & FISHER, P.A.**
                                                 L. Timothy Fisher, Esq. (*pro hac vice forthcoming*)
                                                 Sean L. Litteral, Esq. (*pro hac vice forthcoming*)
                                                 1990 North California Blvd., Suite 940
                                                 Walnut Creek, CA 94596
                                                 Telephone: (925) 300-4455
                                                 Facsimile: (925) 407-2700
                                                 E-mail:  ltfisher@bursor.com
                                                          slitteral@bursor.com

                                                 *Attorneys for Plaintiff*