**EXHIBIT 1**

# BURSOR & FISHER
### P.A.

**1990 N. CALIFORNIA BLVD.**  
**SUITE 940**  
**WALNUT CREEK, CA  94596**  
**www.bursor.com**

**L. TIMOTHY FISHER**  
Tel: **925.300.4455**  
Fax: **925.407.2700**  
**ltfisher@bursor.com**

July 28, 2022

<u>*Via Certified Mail – Return Receipt Requested*</u>

Bayer Corporation  
100 Bayer Boulevard  
Whippany, NJ 07891

Bayer Healthcare LLC  
100 Bayer Boulevard  
Whippany, NJ 07891

Re:   Violation of U.C.C. §§ 2-313, 2-314;  
      Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.;  
      and all other applicable laws

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Bayer Corporation and Bayer Healthcare LLC (collectively, "You") on behalf of our client, Tanysha Newman, and a class of all similarly situated purchasers of One A Day Gummies (the "Supplements").[1]  This letter also serves as notice of claims arising from breaches of express and implied warranties described herein pursuant to U.C.C. §§ 2-313, 2-314, 2-607, and Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, as well as violations of New York General Business Law ("GBL") §§ 349 and 350, and all other relevant state and local laws.

On the front of the Supplements' label and packaging, You advertise the Supplements as requiring consumers to consume only one supplement per day to get the full nutritional benefits. Specifically, You prominently advertise the number of chewables contained in each bottle, as well as market the Supplements under the "One A Day" brand.  These representations send the message that consumers need only take one supplement a day to receive the full nutritional value, and that the bottle will provide nutrition for the same number of days as there are capsules in the bottle.  But while these representations may be true for Your capsule supplements, they are *not true* for the gummies or chewable line of One A Day Supplements.  Instead, consumers are required to take two or more chewable Supplements a day to get the full nutritional benefits.

---

[1] The Supplements include One A Day Women's VitaCrave Gummies, One A Day Men's VitaCraves Gummies, One A Day VitaCrave Gummies with Health Metabolism Support, One A Day Teen for Her VitaCraves Gummies, One A Day Teen for Him VitaCraves Gummies, One A Day VitaCraves Gummies with Immunity Support, One A Day VitaCraves Gummies with Omega-3 DHA, One A Day VitaCraves Adult Multi Gummies, One A Day VitaCraves with Energy Support, One A Day VitaCraves ChewyBites, and One A Day Multi+ Hair, Skin & Nails Support, amongst others.

Thus, each bottle of your chewable Supplements provides nutrition for, at most, only half the number of days listed on Your bottle.

Ms. Newman and other members of the putative relied on Your representations that consumers needed to only take one chewable Supplement a day to receive the full nutritional value of the Supplements.  Your representations were deceiving, however, in that you failed to disclose that consumers needed to take two or more chewable Supplements to receive the full nutritional value.  Ms. Newman and members of the putative class are therefore essentially paying full retail price for half the amount of Supplements.  And Ms. Newman and putative class members would not have purchased the Supplements, or would have paid significantly less for them, had they been aware of the same.  As the California Court of Appeals previously found, such conduct constitutes fraud, violations of California consumer protection statutes, and a breach of Your express warranties.  *See generally Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156 (2018).  The result is no different under New York law.  Accordingly, Your conduct constitutes fraud, a breach of express warranty, and violations of the Magnuson-Moss Warranty Act and GBL §§ 349 and 350.

Ms. Newman, is, and at all times, has been a citizen of New York, residing in Newburgh, New York.  Ms. Newman purchased One A Day Multi+ Hair, Skin & Nails for personal use during the Class Period.  Because the supplements are labeled "One A Day," Ms. Newman was misled into believing that she only had to take one gummy vitamin supplement per day to receive the full nutritional value.  Had Ms. Newman known the truth about Your misrepresentations and omissions, she either would not have purchased the Supplements or would have paid much less for them.  As a result of her purchases, Ms. Newman has suffered injury in fact and lost money.

Ms. Newman is acting on behalf of a class defined as all persons in the United States who purchased the Supplements.  She is also acting on behalf of a New York Subclass defined as all persons who purchased the Supplements in the State of New York.

On behalf of Ms. Newman and the Class, we hereby demand that You immediately: (1) cease and desist from engaging in the foregoing violations; and (2) make full restitution to all Class members of all purchase monies obtained from sales thereof.

We also demand that You preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents, communications, reports, and memoranda concerning the advertisement, marketing, labeling, and packaging of the Supplements, including but not limited to:

    a. Documents and communications discussing what text and/or images should be featured on the Supplement's labeling;

    b. Documents and communications concerning Your decision to include the misrepresentations at issue, including but not limited the One A Day representation.

    c.    Documents and communications concerning Your decision to exclude any disclosure indicating that the Supplements in fact require more than one Supplement per day to receive the nutritional value advertised; and

    d.    Documents and communications concerning any changes made to the advertisement, marketing, labeling, and/or packaging of the Supplements during the Class Period.

2.    All documents concerning the sale of the Supplements, including but not limited to:

    a.    The total net revenue generated from the sale of the Supplements during the Class Period;

    b.    The total number of people in the United States who purchased the Supplements during the Class Period;

    d.    The total number of people in New York who purchased the Supplements during the Class Period; and

    e.    The average amount paid for the Supplements.

3.    All communications with customers concerning complaints related to the Supplements, especially concerning the number of Supplements required to obtain the full daily nutritional;

4.    All documents concerning the identity of those individuals who purchased the Supplements;

5.    All documents and/or communications between You and any retailer or wholesaler relating to the Supplements;

6.    Any insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away at 925-300-4455 or ltfisher@bursor.com if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so and will proceed accordingly.

Very truly yours,

L. Timothy Fisher