**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TANYSHA NEWMAN, individually and on behalf of all others similarly situated, *Plaintiffs*, v. BAYER CORPORATION and BAYER HEALTHCARE LLC, *Defendants*. | Case No. 7:22-cv-07087-KMK |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
ejoyce@sidley.com

Jonathan F. Cohn*
Joshua J. Fougere*
Madeleine Joseph† (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000
Fax: (202) 736-8711

*pro hac vice forthcoming
†Admitted only in Massachusetts; supervised by principals of the firm who are members in good standing of the D.C. Bar.

*Counsel for Defendants Bayer Corporation and Bayer Healthcare LLC*

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

    A.  Factual Background ....................................................................................................... 2

    B.  Procedural Background................................................................................................... 4

LEGAL STANDARD............................................................................................................... 5

ARGUMENT ............................................................................................................................ 6

I.       THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT
         PLAUSIBLY ALLEGE DECEPTION.............................................................................. 6

II.      COUNTS I, II, AND V SHOULD BE DISMISSED FOR INDEPENDENT
         REASONS. ..................................................................................................................... 12

CONCLUSION........................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................5

*Axon v. Florida's Nat. Growers, Inc.,*
  813 F. App'x 701 (2d Cir. 2020) ...........................................................8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................5

*Boswell v. Bimbo Bakeries USA, Inc.,*
  570 F. Supp. 3d 89 (S.D.N.Y. 2021).................................................8, 12

*Brady v. Bayer,*
  Case No. 30-2016-00839608, 2021 Cal. Super. LEXIS 49251 (April 23, 2021)
  (*Brady II*) .............................................................................................4

*Brady v. Bayer Corp.,*
  26 Cal. App. 5th 1156 (2018) (*Brady I*)..................................4, 5, 9, 14

*Bynum v. Family Dollar Stores,*
  592 F. Supp. 3d 304 (S.D.N.Y. 2022)...................................................10

*Caputo v. Pfizer, Inc.,*
  267 F.3d 181 (2d Cir. 2001)..................................................................13

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002)....................................................................2

*Chen v. Dunkin' Brands, Inc.,*
  954 F.3d 492 (2d Cir. 2020)....................................................................6

*Conn. Nat'l Bank v. Fluor Corp.,*
  808 F.2d 957 (2d Cir. 1987)..................................................................14

*Cooper v. Anheuser-Busch, LLC,*
  553 F. Supp. 3d 83 (S.D.N.Y. 2021).....................................................11

*Dashnau v. Unilever Mfg. (US), Inc.,*
  529 F. Supp. 3d 235 (S.D.N.Y. 2021) (Karas, J.) ..................................6

*DiBartolo v. Abbott Lab'ys,*
  914 F. Supp. 2d 601 (S.D.N.Y. 2012)...................................................12

*Dunham v. Covidien, LP*,
    498 F. Supp. 3d 549 (S.D.N.Y. 2020)................................................................................13

*Engram v. GSK Consumer Healthcare Holdings (US) Inc.*,
    No. 19-cv-2886, 2021 WL 4502439 (E.D.N.Y. Sept. 30, 2021) .............................................8

*Fermin v. Pfizer Inc.*,
    215 F. Supp. 3d 209 (E.D.N.Y. 2016) ................................................................................10

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013) (per curiam).............................................................................6

*Goldman v. Bayer AG*,
    742 F. App'x 325 (9th Cir. 2018) ....................................................................................5, 9

*Goldman v. Bayer AG*,
    No. 17-CV-0647, 2017 WL 3168525 (N.D. Cal. July 26, 2017), *vacated and
    remanded*, 742 F. App'x 325 (9th Cir. 2018) .......................................................... *passim*

*Goldman v. Bayer*,
    No. 17-CV-0647, Dkt. No. 62 (Sept. 21, 2022)...................................................................5

*Goldstein v. Sally Beauty Supply LLC*,
    No. 20-CV-4583-NGG-JRC, 2021 WL 5163235 (E.D.N.Y. Nov. 5, 2021) ..........................12

*Hardy v. Ole Mexican Foods, Inc.*,
    No. 21-cv-1261, 2022 WL 2906395 (W.D.N.Y. July 21, 2022) .............................................8

*Howard v. Bayer Corp.*,
    No. 4:10-CV-1662, 2011 WL 13224118 (E.D. Ark. July 22, 2011) .............................. *passim*

*Jones v. Orgain, LLC*,
    No. 20-CV-8463(VB), 2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ..................................10

*Kramer v. Time-Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991)..............................................................................................14

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006)..............................................................................................13

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018)......................................................................................9, 10, 11

*Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*,
    296 Cal. Rptr. 3d 777 (Cal. App. 5th 2022)......................................................................5, 9

*Mason v. Reed's*,
    515 F. Supp. 3d 135 (S.D.N.Y. 2021)................................................................................14

*Morris v. JPMorgan Chase Bank, N.A.*,
  293 Cal. Rptr. 3d 417 (Cal. App. 5th 2022)......................................................................6

*Oden v. Bos. Sci. Corp.*,
  330 F. Supp. 3d 877 (E.D.N.Y. 2018) ...............................................................................13

*Rooney v. Cumberland Packing Corp.*,
  No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) .........................................9

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000)..................................................................................................2

*Smith v. Apple, Inc.*,
  583 F. Supp. 3d 554 (S.D.N.Y. 2022)................................................................................12

*Twohig v. Shop-Rite Supermarkets, Inc.*,
  519 F. Supp. 3d 154 (S.D.N.Y. 2021)................................................................................12

*Verzani v. Costco Wholesale Corp.*,
  No. 09-cv-2117(CM), 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010), *aff'd*,
  432 F. App'x 29 (2d Cir. 2011) ..........................................................................................7

*In re Wachovia Equity Secs. Litig.*,
  753 F. Supp. 2d 326 (S.D.N.Y. 2011)................................................................................14

*Weiner v. Snapple Beverage Corp.*,
  No. 07-cv-8742 DLC, 2011 WL 196930 (S.D.N.Y. Jan. 21, 2011) ..................................13

*Wurtz v. Rawlings Co., LLC*,
  No. 12-cv-1182-JMA, 2016 WL 7174674 (E.D.N.Y. Nov. 17, 2016) ..............................6

## Statutes

Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*....................................................5, 12

## Other Authorities

Federal Rule of Civil Procedure 9(b).........................................................................................13

## INTRODUCTION

This case is the fourth putative class action in which a named plaintiff has asserted virtually identical allegations.  Each of the previous three cases has failed, and this one should too.

In federal court, these allegations have never survived a motion to dismiss.  Instead, two district courts dismissed all of the plaintiffs' claims in their entirety.  *Howard v. Bayer Corp.*, No. 4:10-CV-1662, 2011 WL 13224118 (E.D. Ark. July 22, 2011); *Goldman v. Bayer AG*, No. 17-CV-0647, 2017 WL 3168525 (N.D. Cal. July 26, 2017), *vacated and remanded*, 742 F. App'x 325 (9th Cir. 2018).  The Court should do the same.

Those federal cases also addressed the Court's questions from the pre-motion conference.  First, the Court asked about why the product is called "One A Day."  *Goldman* recognized that "One A Day®" is a "70-year-old brand name"—long predating the gummy products at issue here—and that it "is a brand name, not directions."  2017 WL 3168525, at *7.  Second, the Court asked whether reasonable consumers, after seeing the brand name, would look at the other panel of the label, which displays the vitamin contents and serving size information.  Reasonable consumers acting reasonably under the circumstances would indeed do that.  As Plaintiff herself alleges, reasonable consumers of vitamins are interested in and want to receive "the full nutritional benefit" from the product.  Compl. ¶ 1.  But the "nutritional benefit" information appears *only* on the Supplement Facts panel, immediately below *two* statements about the recommended serving size.  Anyone interested in knowing "the full nutritional benefit" would have to review the Supplement Facts panel.  As *Goldman* put it, "[c]onsumers buy multivitamins precisely to obtain an aggregate amount of vitamins, and it is implausible that a purchaser would not look at the label to see what vitamins are included and in what quantity."  2017 WL 3168525, at *7.

1

**BACKGROUND**

A.    **Factual Background**

Bayer produces a line of multivitamins under the "One A Day" brand name.  Compl. ¶ 1.

This case concerns the gummy multivitamins.  The product "container is round; the label wraps

around the container, with approximately one-half inch of space between the beginning of the label

and the end; because the container is round, only a portion of the label is visible and readable at

any given time." *Goldman*, 2017 WL 3168525, at *1.

"[T]he label provides information about the multivitamins inside the container." *Id.*  The

front panel shows the brand name, logo, and number of gummies, among other information.

Compl. ¶ 19.  The other panel provides the "Supplement Facts" section, which states the serving

size ("2 gummies"), the number of servings per container, the vitamins and minerals in the product,

and the amounts of each, ranging from <1% of the Daily Value to 2000%. *Id.* ¶ 27.  For instance,

each serving of the gummies in the Complaint provides 625% of the Daily Value of vitamin $B_{12}$

and 2000% of the Daily Value of biotin. *Id.*  Although omitted from the complaint, the label also

includes "Directions" reiterating that consumers should "chew **two** gummies daily." (emphasis

added).   A legible and complete copy of the Supplement Fact section for a representative

VitaCraves product is reprinted below, with the relevant language highlighted: [1]

---

[1] The entire label is properly before the Court.  It is something that Plaintiff "either possessed or
knew about and upon which they relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88
(2d Cir. 2000), and the Court may consider materials "where the complaint relies heavily upon [a
document's] terms and effect, which renders the document integral to the complaint," *Chambers
v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).



Despite the clarity of the Supplement Facts section, Plaintiff alleges that the label is deceptive. *See, e.g.*, Compl. ¶¶ 2–3.  Plaintiff contends that the "One A Day" brand name means that the serving size is one gummy, *e.g.*, *id.* ¶ 2, even though the label expressly says that the serving size is "2 gummies."  What is more, Plaintiff's theory of deception is that she thought that she would receive "the full daily nutritional benefits," or "full nutritional value"—a phrase that appears more than two dozen times in the complaint—by taking just one gummy.  *See, e.g.*, *id.* ¶¶ 1-3, 24.  Plaintiff allegedly held that belief even though the serving size information appears on

the Supplement Facts panel, right next to the vitamin information spelling out the content of the product's "nutritional value."

  **B.**   **Procedural Background**

  Plaintiff is the fourth consumer to bring the same set of allegations against Bayer.  The first case was *Howard*, in federal district court.  Dismissing the complaint in full, the court explained that, because the label expressly says, "Serving Size: 2 gummies," and because a "reasonable consumer of any medicine or medicine-like substance such as vitamins would not stop with the brand name," "[n]o reasonable consumer … would be deceived."  2011 WL 13224118, at *1.

  Next was *Brady*, a case brought in California state court.  The trial court initially sustained Bayer's demurrer and dismissed the case.  On appeal, applying the California state pleading standard, a California appellate court remanded the case, holding that, "[w]hether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer."  *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1165 (2018) (*Brady I*).  On remand, the trial court denied class certification, *Brady v. Bayer*, Case No. 30-2016-00839608, 2021 Cal. Super. LEXIS 49251, at *22 (April 23, 2021) (*Brady II*), consistent with the Court of Appeal's holding that "the market for vitamins is large and varied," and "reasonable consumers within that market will represent many different approaches to vitamin purchases," *Brady*, 26 Cal. App. 5th at 1175.  Survey evidence showed that "the name One A Day does not cause more than an extremely small minority of consumers to form the belie[f] that the serving size is only one gummy."  *Brady II*, 2021 Cal. Super. LEXIS 49251, at *17.  Although the plaintiff in *Brady* initially appealed that decision, he voluntarily dismissed that appeal, without a settlement.

  The third case was *Goldman*, another federal case in which the district court granted a motion to dismiss.  The intervening decision in *Brady I* did not change that bottom line.  Instead,

the Ninth Circuit vacated and remanded to allow the district court "to reconsider the dismissal in light of *Brady*," which the Ninth Circuit considered "new relevant authority." *Goldman v. Bayer AG*, 742 F. App'x 325 (9th Cir. 2018). California pleading standards did not control in federal court, and the Ninth Circuit made clear it was not "prejudg[ing] the outcome of that inquiry." *Id.* On remand, the district court stayed the case pending *Brady*, until the plaintiff voluntarily dismissed his claims after class certification was denied in *Brady*. *See Goldman v. Bayer*, No. 17-CV-0647, Dkt. No. 62 (Sept. 21, 2022).

Plaintiff filed her version of the same complaint on August 19, 2022. She asserts claims of breach of express warranty, violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, violation of GBL §§ 349–350, and fraud. On November 14, 2022, the Court held a pre-motion conference to discuss Bayer's proposed motion to dismiss. The same day, the Court entered a scheduling order with a briefing schedule for Bayer's motion. Dkt. No. 18.

## LEGAL STANDARD

A complaint must be dismissed if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions" or "formulaic recitation[s] of the elements of a cause of action," are not good enough, and neither are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These federal-court plausibility standards are significantly different than the standards that govern in California state court. As a California Court of Appeal recently put it, the plausibility of a complaint's allegations "has *no role* in deciding a demurrer under governing state law standards." *Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 296 Cal. Rptr. 3d 777,

788 (Cal. App. 5th 2022) (emphasis added).  Instead, California courts simply take all factual allegations as true and ask whether they state a claim.  As a result, federal courts have more "latitude to dismiss claims at the pleading stage" than California state courts.  *Morris v. JPMorgan Chase Bank, N.A.*, 293 Cal. Rptr. 3d 417, 449 n.14 (Cal. App. 5th 2022).

## ARGUMENT

### I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT PLAUSIBLY ALLEGE DECEPTION.

Each of Plaintiff's five claims relies on the same theory of alleged deception—namely, the allegedly mistaken belief that consumers "would only need to consume one gummy per day to get the full nutritional value of the supplements."  *See* Compl. ¶ 44; *see also id.* ¶¶ 42-78.  Because that theory is implausible, as two other federal courts have held, the Court should dismiss the complaint in full.  *See, e.g.*, *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 241 (S.D.N.Y. 2021) (Karas, J.) ("[I]f the Court concludes as a matter of law that there is no material misrepresentation in this case, none of Plaintiffs' claims can survive").

Proving deception requires inquiry into whether the challenged representations are "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020); *see also, e.g.*, *Wurtz v. Rawlings Co., LLC,* No. 12-cv-1182-JMA, 2016 WL 7174674, at *10 (E.D.N.Y. Nov. 17, 2016) ("New York courts applying this standard have made clear that the relevant circumstances to be considered are 'the plaintiff's circumstances.'") (collecting cases).  The "primary evidence" relevant to deception is the advertising—here, the label—and plaintiff may not ignore aspects of the label that are irreconcilable with their theories.  *See, e.g.*, *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam).  Rather, "context is crucial," *id.*, and reasonable consumers do not "pick out" words when assessing a label's meaning "to the exclusion of all the information on the label,"

*Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117(CM), 2010 WL 3911499, at *2 (S.D.N.Y. Sept. 28, 2010), *aff'd*, 432 F. App'x 29 (2d Cir. 2011).

Reviewing the same label at issue here, two other federal courts dismissed identical claims. In *Goldman*, the district court held that "it is implausible that a reasonable consumer would look at only the front portion of a label that wraps around a round container of multivitamins, and conclude from the combination of 'One A Day®' (a 70-year-old brand name) and the statement '70 Gummies' that the bottle contains 70 days' worth of multivitamins." *Goldman*, 2017 WL 3168525, at *7. "Consumers buy multivitamins precisely to obtain an aggregate amount of vitamins, and it is implausible that a purchaser would not look at the label to see what vitamins are included and in what quantity." *Id.*

Only the Supplement Facts section discloses which vitamins are in the gummy and how much, and that same section plainly discloses the serving size is two. Thus: "A reasonable consumer would not purchase multivitamins before determining what vitamins were in the formulation, and that information is clearly listed on the remainder of the . . . label, along with the information that the serving size is '2 gummies' and the number of 'Servings per Container' is 35." *Id.*; *see also id.* ("'One A Day®' is a brand name, not directions."). Finally, the serving size information "is not hidden; nor is the direction to 'fully chew two gummies daily.'" *Id.* "A reasonable consumer would simply need turn the bottle slightly to one side to see it." *Id.*

The court in *Howard* reached the same conclusion. Because the label expressly says, "Serving Size: 2 gummies," the court held, "[n]o reasonable consumer . . . would be deceived." 2011 WL 13224118, at *1. "A reasonable consumer of any medicine or medicine-like substance such as vitamins would not stop with the brand name. He or she would read the label for the dosage." *Id.* The label is "clear and readable," tells consumers that one serving is "2 gummies,"

7

and directs them to chew two gummies daily.  *Id.*  The "label's repetition of the daily dose makes clear that one gumm[y] a day is not enough."  *Id.* at *2.

Other courts regularly dismiss complaints when the relevant advertising or label belies any plausible claim of deception—whether the alleged deception is rooted in the product labeling or in the brand name in particular.  "[W]hen the front of the package is better characterized as ambiguous than misleading, courts looking at the alleged misrepresentations in their full context and are more likely to grant a motion to dismiss."  *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, No. 19-cv-2886, 2021 WL 4502439, at *3 (E.D.N.Y. Sept. 30, 2021).  For the Chapstick product in that case, it was "not too much to expect a reasonable consumer to review the directions on an SPF product for information on how often to reapply it—particularly where … a similar set of directions is present on all sunscreen products pursuant to [Food and Drug Administration] regulations."  *Id.* at *5 (granting dismissal).  By the same token, for an "All Butter Loaf Cake," "reasonable consumers would need additional information to understand the meaning of 'All Butter' and would know exactly where to look to investigate — the ingredient list."  *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 96 (S.D.N.Y. 2021) (granting dismissal).

The same reasoning applies to claims premised on a brand name.  For example, it is "not plausible to allege that a reasonable consumer would interpret the brand label 'Florida's Natural' as meaning that the product contains no traces of glyphosate," especially when other "representations [on the package] provide context for the 'Florida's Natural' brand name."  *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 705 (2d Cir. 2020).  Nor would any reasonable consumer share a plaintiff's "assumptions after seeing Spanish words on the front packaging" that the brand name "La Banderita" conveyed that the tortillas were made in Mexico.  *Hardy v. Ole Mexican Foods, Inc.*, No. 21-cv-1261, 2022 WL 2906395 (W.D.N.Y. July 21, 2022); *see also,*

*e.g.*, *Rooney v. Cumberland Packing Corp.*, No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) (holding that the brand name "Sugar in the Raw" would not make a reasonable consumer believe that the product is actually raw when the package expressly states that the sugar is not raw).

Despite this well-established precedent, Plaintiff's complaint rests on the allegation that the One A Day brand name is deceptive to a reasonable consumer of vitamins.  That contention is based on two related errors.

First, Plaintiff repeatedly asks the Court to credit *Brady I*, a California state court decision relying on state procedural law, over *Goldman* and *Howard*, which are consistent with authority within the Second Circuit interpreting the plausibility of claims of consumer deception.  *See, e.g.*, Compl. ¶ 6.  *Brady I* applied the California state pleading standard.  26 Cal. App. 5th at 1165.  The plausibility of the allegations had "no role" in that inquiry, and *Brady I* never addresses a "plausibility" standard.  *Marina Pac. Hotel & Suites*, 296 Cal. Rptr. 3d at 788.  In federal court, by contrast, the plausibility standard has the *only* role to play, and that is the standard that both *Goldman* and *Howard* applied.  Indeed, if the federal and state pleading standards were the same, the Ninth Circuit in *Goldman* presumably would have been bound by *Brady I* and would not have remanded the case without "prejudg[ing] the outcome."  *Goldman*, 742 F. App'x 325.

Second, Plaintiff insists that no reasonable consumer—who, recall, must be acting reasonably in the context of a vitamins purchase—would consider the *entire* One a Day label, which states explicitly and multiple times what the serving size is, because the Supplement Facts section "contradicts" the "front" of the label.  *See, e.g.*, Compl. ¶¶ 27-28; Dkt. No. 15 (Plaintiff's pre-motion letter).  This is all a misguided attempt to align this case with *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), and related authority.  Even putting aside the differences between

9

reasonable purchasers of snack foods and reasonable purchasers of dietary supplements, the "front" of the One A Day bottle is *at most* ambiguous: "[t]aken literally, the reference to One A Day could be a reference to one serving a day, one time a day, or one pill or 'gummy' a day." *Goldman*, 2017 WL 3168525, at *7. As a result, the "reasoning from *Mantikas* … does not apply here because plaintiff has not plausibly alleged the front of the packaging contained misleading information that needed to have been corrected." *Jones v. Orgain, LLC*, No. 20-CV-8463(VB), 2021 WL 4392783, at *4 (S.D.N.Y. Sept. 24, 2021); *see also, e.g.*, *Bynum v. Family Dollar Stores*, 592 F. Supp. 3d 304, 310–11 (S.D.N.Y. 2022) ("Since *Mantikas*, courts in this Circuit have reasoned that '[i]f a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion,' the Court should inquire as to whether the allegedly misleading element is instead merely ambiguous." (quoting *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409-ARR-RLM, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020)). In such circumstances, the serving size information "does not contradict the language '70 Gummies' on the 'front' portion of the label," and a "reasonable consumer would simply need turn the bottle slightly to one side to see it." *Goldman*, 2017 WL 3168525, at *7; *see also Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) (dismissing claims alleging that the size of the package led ibuprofen purchasers to believe that there would be more pills in the container than there were, reasoning that "[p]laintiffs provide no basis for disregarding the clearly stated pill-counts on the labels"); *id.* ("Plaintiffs seek to be protected under packaging laws but to dispense with reading the package.").

Moreover, Plaintiff's theory of deception is internally inconsistent. The underlying presumption is that a consumer can reasonably believe that one gummy provides the "full nutritional value." *See, e.g.*, Compl. ¶¶ 9, 22. But the only way to identify the "full nutritional

value" of a serving is to look at the Supplement Facts section, which plainly discloses that the "Serving Size" is "2 gummies."  Compl. ¶ 27.  The serving size is disclosed right above the list of ingredients and amounts (and in comparable font), so a consumer who reviewed the Supplement Facts section would see that the serving size is two.  And, if a customer never looked at the Supplement Facts section, she would never see what vitamins are in the product, and would not be misled into thinking that a single gummy provides, for instance, 2000% of the Daily Value of biotin.  Indeed, the consumer might not expect any biotin, or perhaps might expect 100% of the Daily Value, which is one-tenth the amount of biotin contained in a single gummy.

Similar reasoning distinguishes this Court's decision in *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83 (S.D.N.Y. 2021).  For one thing, that case concerned alcoholic drinks, not a "medicine or medicine-like substance such as vitamins" for which a reasonable consumer "would not stop with the brand name [but] would read the label for the dosage."  *Howard*, 2011 WL 13224118, at *1.  For another, the Court merely held that, for products called "cocktails" (or "margaritas"), reasonable consumers "might be misled into thinking that the Products were canned cocktails, instead of 'Flavored Malt Beverage[s].'"  *Cooper*, 553 F. Supp. 3d at 96.  "[C]onsistent . . . with *Mantikas*," the defendant could not rely on "disclosures on the bottom of Defendant's packaging" about malt beverages, because those disclosures were needed "*to correct*" the "cocktail" representations on the front.  *Id.* at 105-08 (emphasis added).  Here, by contrast, the name "One A Day" conveys nothing about the product's "nutritional benefits," and consumers get "nutritional benefits" from the product no matter how many gummies they take.  The only way to learn the "full nutritional benefits" is to turn the bottle and review the Supplement Facts section— which also reveals the serving size.  The Supplement Facts panel does not "correct" anything about the brand name.

In any event, the only two federal courts to consider analogous allegations under federal pleading standards have rejected Plaintiff's premise, and this Court should do the same.   A reasonable consumer of vitamins *would* look to the Supplement Facts section, and the Supplement Facts section for One a Day expressly states that the serving size is "2 gummies."   "[P]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers."  *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021).

## II.   COUNTS I, II, AND V SHOULD BE DISMISSED FOR INDEPENDENT REASONS.

Even if the Court does not dismiss the entire complaint—and it should—the claims for breach of express warranty (Count I), violation of the Magnuson-Moss Warranty Act (Count II), and fraud (Count V) should be dismissed for independent reasons.

First, as for the warranty claims (Counts I and II), Bayer made no definitive warranties that the serving size is one or that a single gummy provides "full nutritional value," even if the Court holds that the brand name is plausibly deceptive.  *See Boswell*, 570 F. Supp. 3d at 96–97 (holding that plaintiff's express warranty claim failed not only for lack of deception but also for failure to "plausibly plead" an "express factual statement amounting to a warranty").   To plead a claim for breach of express warranty, a "plaintiff must allege that there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment."  *DiBartolo v. Abbott Lab'ys*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012); *see Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 567 (S.D.N.Y. 2022) ("[C]laims under the [MMWA] stand or fall with . . . express . . . warranty claims under state law"). The three-word brand name One a Day "does not convey," with "the kind of specificity," clarity, and "definite[ness]" that are "required," that one gummy is a serving or contains any particular amounts of vitamins or minerals.  *Goldstein v. Sally Beauty Supply LLC*, No. 20-CV-4583-NGG-

JRC, 2021 WL 5163235, at *4 (E.D.N.Y. Nov. 5, 2021) (dismissing claim because phrase "Liter Sale" was not specific enough to expressly warrant volume of products sold); *see also, e.g.*, *Dunham v. Covidien, LP*, 498 F. Supp. 3d 549, 561 (S.D.N.Y. 2020) (dismissing express-warranty claim because representations that the product was "the most complete hernia repair solution," among others, were not "definite" enough to induce purchase). Without the requisite definiteness, the brand name did not become "part of the bargain" between the parties, and Plaintiff's express warranty claim fails. *Dunham*, 498 F. Supp. 3d at 561.

Even if Bayer had, however, Plaintiff fails to plead that she relied to her detriment on the brand name. The Complaint is devoid of "any underlying factual details" about comparable gummy multivitamin products, their serving sizes, and what their labels warrant about serving size and "nutritional value." *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 895 (E.D.N.Y. 2018); *see* Compl. ¶ 9 (alleging merely that "Ms. Newman relied on . . . warranties in determining whether to purchase the Chewables."). Without such facts, the complaint fails to adequately plead reliance. *See Oden*, 330 F. Supp. 3d at 895; *cf. Weiner v. Snapple Beverage Corp.*, No. 07-cv-8742 DLC, 2011 WL 196930, at *6, *3 (S.D.N.Y. Jan. 21, 2011) (granting summary judgment for defendant on express-warranty claim where plaintiffs did not supply analogous facts about comparable products).

Second, as for fraud (Count V), in addition to the failure to allege reliance, plaintiff has not alleged the requisite intent. Federal Rule of Civil Procedure 9(b) imposes two burdens on a plaintiff pleading a fraud claim: one is to state with "*particularity*" the "circumstances of the fraud," and the other is to plead facts about the defendant's mental state that "give rise to a *strong* inference of fraudulent intent," *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290–91 (2d Cir. 2006) (emphasis added); *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001). Nothing in

the complaint supports such an inference.   The complaint asserts that the purported "misrepresentations were made with knowledge of their falsehood," Compl. ¶ 76, but does not explicitly state how Bayer knew or should have known that consumers would share her misunderstanding of the label.  *Contra*, *e.g.*, *Conn. Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir. 1987) ("It is reasonable to require that the plaintiffs specifically plead those events which give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." (internal quotation marks omitted)).  *Brady I* "alone is not sufficient to infer [Bayer's] knowledge" or intent to mislead.  *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 147 (S.D.N.Y. 2021).  As in *Mason*, which plaintiff cited in her pre-motion letter, Dkt. No. 15 at 3, any "notice came after"—over a half-century after—Bayer "put its statements on its products," *Mason*, 515 F. Supp. 3d at 147.  Moreover, in light of *Goldman*, *Howard*, and the trial court's decisions in *Brady* rejecting plaintiff's theory of deception, whether One A Day is misleading is "so ambiguous" that it "cannot be inferred that [Bayer] had actual knowledge" of any falsity.  *Id.* at 148.  Finally, that the label itself expressly disclosed the actual serving size—*i.e.*, the purported subject of the alleged fraud—confirms the absence of a strong inference, if any inference at all, of intent.  *See*, *e.g.*, *Kramer v. Time-Warner, Inc.*, 937 F.2d 767, 778 (2d Cir. 1991) (finding no "hint of any intent to deceive" in light of public disclosures); *In re Wachovia Equity Secs. Litig.*, 753 F. Supp. 2d 326, 356 (S.D.N.Y. 2011) ("The mere fact of that disclosure undermines any credible theory of scienter.").  The Court should dismiss Count V.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint with prejudice.

Dated:  December 15, 2022

Respectfully submitted,

BAYER CORPORATION *and* BAYER
HEALTHCARE LLC

By their Attorneys:

<u>/s/  Eamon P. Joyce</u>
Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
ejoyce@sidley.com

Jonathan F. Cohn*
Joshua J. Fougere*
Madeleine Joseph† (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, DC 20005
Tel.:  (202) 736-8000
Fax:  (202) 736-8711

*\*pro hac vice forthcoming*
†Admitted only in Massachusetts; supervised
by principals of the firm who are members in
good standing of the D.C. Bar.

15