UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYSHA NEWMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BAYER CORPORATION AND BAYER HEALTHCARE LLC,<br><br>      Defendants. | Case No.: 7:22-cv-07087-KMK-AEK<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c), it is hereby ORDERED that the following restrictions and procedures shall apply to the

1

information and documents exchanged by the parties in connection with the pre-trial phase of this action:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or applicable law or statute. Such information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or that may cause competitive injury if disclosed; or (c) research, technical, commercial or financial, business or other valuable information that the Party has maintained as confidential, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists, business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins.

3. "CONFIDENTIAL – FOR COUNSEL ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information may fall within one or more of the following categories: (a) medical information concerning any individual, including but not limited to credit card numbers, social security numbers; personal financial, or other personally sensitive information; (b) personal identity information or Personal Data as defined herein; (c) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (d) personnel or employment records of a person who is not a Party to the case.

4. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

5. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: <u>Bursor & Fisher, P.A. and Lehotsky Keller Cohn LLP</u>. "Counsel" also includes in-house attorneys for Defendants.

6. The term "Inadvertently Produced Document" will mean a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

7. Personal Data: any information relating to an identified or identifiable natural person ("Data Subject") subject to protection under state, federal or foreign data protection or privacy law (including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA") and the EU's General Data Protection Regulations. An identifiable natural person is one who can be identified, directly or indirectly, in particular by referencing an identifier such as, but not limited to, a name, an identification number, location data, an online identifier, or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person.

8. The term "Personal Data Breach" will mean a breach of security leading to the accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Personal Data, whether transmitted, stored, or Processed.

## **GENERAL RULES**

9. Counsel for any party may designate any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").

10. Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

11. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, as defined herein.

12. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

13. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

14. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until 14 calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their

6

staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 11 below; and

    c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of the Court.

15.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

16.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A; and

  d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court),

  e. Stenographic and clerical employees associated with the individuals identified above.

  f. The additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

   i. Executives who are required to participate in policy decisions with reference to this action;

   ii. Technical personnel of the parties, including IT personnel and document hosting vendors, with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

17. Prior to disclosing or displaying the Confidential Information to any person, Counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Where specified above, require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

18.    Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, by employees of such counsel assigned to and necessary to assist in the litigation, and consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel. Such experts must read this Order in advance of disclosure and execute a copy of the form attached hereto as Exhibit A.

19.    With respect to material designated "CONFIDENTIAL," or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

20.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such

document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

21. Before any materials produced in discovery, answers to interrogatories or requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file a document designated as confidential under seal is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include in the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

22. At any stage of these proceedings, any party may object to a designation of materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and

the grounds for the objection. If the dispute is not resolved consensually between the parties after meeting and conferring within 14 calendar days of receipt of such a notice of objections, the parties may jointly request the Court's assistance with the dispute, in accordance with Judge Krause's Civil Chambers Rules. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

23. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

24. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

25. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

26. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

27. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

28. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not

be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

29. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

30. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

32. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document.

    a. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

    b. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the

Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

33. In the event a Receiving Party or Authorized Recipient who received Protected Information experiences a data breach or reasonably believes a breach may have occurred, including an actual or suspected unauthorized access, the Receiving Party or Authorized Recipient shall:

 a. Immediately notify the Producing Party of such breach in writing and by faster means to prevent further damage if warranted;

 b. Investigate the breach and cooperate with the Producing Party to address and remedy the breach;

 c. The Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access;

 d. After notification, the Receiving Party shall keep the Producing Party informed of remediation efforts.

 e. Describe the incident and the Protected Information accessed without authorization and provide sufficient information to the Producing Party such that the Producing Party can reasonably ascertain the size and scope of the breach;

 f. Make effort and take necessary steps to address to the Producing

Party's satisfaction that further breaches in the future will not occur and to address publicity regarding the breach, including that the Receiving Party shall take such actions as are required by applicable laws, including privacy laws;

    g.    Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Protected Information from unauthorized disclosure.

34.    The restrictions and obligations set forth within this Order will not apply to any information that:

    a.    the parties agree should not be designated confidential information;

    b.    the parties agree, or the Court rules, is already public knowledge;

    c.    the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    d.    has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

35. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

36. Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

37. This Order may be modified by agreement of the parties, subject to approval by the Court.

38. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

### **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

39. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) give the Designating Party a description of the nature of the breach (including, where possible, categories and approximate number of data subjects and personal data records concerned, (c) give a description of the breach's likely consequences, (d) describe and use its best efforts to retrieve all unauthorized copies of the

Protected Material, (e) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (f) request such person or persons return all unauthorized copies, excerpts or summaries of Protected Material, (g) give the details of a contact point from whom designating party can obtain more information, and (h) document all facts relating to the Data Breach, including its effects and any remedial action taken and keep a record there of.

40. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

41. There may be a need in the future to address Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation, in an amended protective order. For now, though, the parties are not exchanging data from custodians or data sources outside of the United States. If that changes, the parties will submit to the Court a joint motion for an amended protective order.

**SO ORDERED**

Dated: December 18, 2023

> The Court has deleted the proposed paragraph 31, which purported to govern how the Court would handle materials identified as confidential upon conclusion of litigation. In addition, for avoidance of doubt, to the extent there is any conflict between procedures set forth in this order and the individual practices of either Magistrate Judge Krause or Judge Karas (as appropriate) (*see, e.g.*, paragraph 21), the parties must follow the judge's individual practices (as contemplated by paragraph 38).

_____
HON. ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (name), of_____ (address), declare under penalty of perjury that I have read in its entirety and understand the protective order ("Order") that was issued by the United States District Court for the Southern District of New York on _____ (date), in the case of *Newman v. Bayer*, No. 7:22-CV-07087-KMK-AEK. I agree to comply with and to be bound by all the terms of the order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the order to any person or entity, except in strict compliance with the provisions of the order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the order, even if such enforcement proceedings occur after termination of this action.

Name: _____


Signature: _____  Date: _____