# BURSOR & FISHER

P.A.

1330 AVENUE OF THE AMERICAS
32ND FLOOR
NEW YORK, NY 10019
www.bursor.com

MAX S. ROBERTS
Tel: 646.837.7408
Fax: 212.989.9163
mroberts@bursor.com

July 19, 2024

*Via ECF*

The Honorable Andrew E. Krause
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:   *Newman v. Bayer Corporation*, No. 7:22-cv-7087-KMK-AEK
> **Plaintiff's Motion To Seal Documents**

Dear Magistrate Judge Krause,

I represent Plaintiff Tanysha Newman ("Plaintiff") in the above matter. I write pursuant to Rule IX.A of Your Honor's Individual Rules to request Order permitting Plaintiff to file the following documents under seal, viewable only by Selected Parties:

1. Exhibit 1 to the Declaration of Max S. Roberts, which consists of excerpts from the Deposition of Amanda McCarthy, Defendants' 30(b)(6) witness. On June 28, 2024, Defendants designated the entirety of the deposition transcript as "confidential" pursuant to Paragraph 14(a) of the Protective Order (ECF No. 46). The deposition references Defendants' proprietary business information and thus discusses "a trade secret or other confidential research, development, or commercial information" under Fed. R. Civ. P. 26(c)(1)(G). *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products").

2. Exhibits 3, 5-14, and 16-19 to the Declaration of Max S. Roberts, which are documents produced by Defendants that have been designated as "confidential" or "confidential – attorneys' eyes only" pursuant to Paragraphs 2-3 of the Protective Order. Specifically, these documents consist of internal consumer surveys commissioned by Defendants— including documents regarding the development of new products—e-mail chains discussing confidential business information, or evaluation of consumer comments. Thus, the documents are Defendants' "confidential research" and "commercial information" under Fed. R. Civ. P. 26(c)(1)(G). *Playtex Prods.*, 2016 WL 1276450, at *11 (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii)

BURSOR&FISHER
P.A.

PAGE 2

analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting "material concerning the defendants' marketing strategies, product development, costs and budgeting" contain "highly proprietary material" and therefore may remain under seal).

3.    Portions of the Declaration of Colin B. Weir that rely on or include documents that have been designated as "confidential – attorneys' eyes only" pursuant to Paragraph 3 of the Protective Order. Specifically, the Weir Declaration references the retail sales data for Defendants' Products, which is Defendants' "commercial information" under Fed. R. Civ. P. 26(c)(1)(G). *Bayer Schera Pharma AG v. Sandoz, Inc.*, 2009 WL 10699031, at *2 (S.D.N.Y. Nov. 13, 2009) (permitting a party's "confidential financial and sales data" to be filed under seal); *see also Playtex Prods.*, 2016 WL 1276450, at *11).

4.    Portions of Plaintiff's Memorandum of Law In Support of Motion for Class Certification that rely on or reference the aforementioned documents.

Were any of these documents to be disclosed, Defendants would be competitively harmed. *Playtex Prods.*, 2016 WL 1276450, at *11. Accordingly, for the reasons set forth above, Plaintiff respectfully request that the Court allow these documents to be filed under seal pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Pursuant to Rule 5.B of Your Honor's Individual Practices, I have (1) publicly filed this motion; (2) publicly filed each of the aforementioned documents with the proposed redactions; and (3) filed each of the aforementioned documents under seal with the proposed redactions highlighted.

Granted.

So Ordered.

7/22/24

Respectfully submitted,

Max S. Roberts

cc: All Counsel of Record (via ECF)