# BURSOR & FISHER
P.A.

1330 AVENUE OF THE AMERICAS
32ND FLOOR
NEW YORK, NY 10019
www.bursor.com

MAX S. ROBERTS
Tel: 646.837.7408
Fax: 212.989.9163
mroberts@bursor.com

October 21, 2025

*Via ECF*

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601

   *Re:* *Newman v. Bayer Corporation*, No. 7:22-cv-7087-KMK-AEK
     **Plaintiff's Motion To Seal Documents**

Dear Judge Karas,

  I represent Plaintiff Tanysha Newman ("Plaintiff") in the above matter. I write pursuant to Rule IX.A of Your Honor's Individual Rules to request Order permitting Plaintiff to file the following documents under seal, viewable only by Selected Parties:

1. Exhibits 1 and 18 to the Declaration of Max S. Roberts, which consist of excerpts from the Deposition of Amanda McCarthy, Defendants' 30(b)(6) witness and Kathy Hiserodt, a former employee of Defendants. On June 28, 2024, Defendants designated the entirety of McCarthy's deposition transcript as "confidential" pursuant to Paragraph 14(a) of the Protective Order (ECF No. 46). The depositions reference Defendants' proprietary business information and thus discusses "a trade secret or other confidential research, development, or commercial information" under Fed. R. Civ. P. 26(c)(1)(G). *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products").

2. Exhibits 2-5, 7-12, 14, 16-24 to the Declaration of Max S. Roberts, which are documents produced by Defendants that have been designated as "confidential" or "confidential – attorneys' eyes only" pursuant to Paragraphs 2-3 of the Protective Order. Specifically, these documents consist of internal consumer surveys commissioned by Defendants— including documents regarding the development of new products—e-mail chains discussing confidential business information, or evaluation of consumer comments. Thus, the documents are Defendants' "confidential research" and "commercial information" under Fed. R. Civ. P. 26(c)(1)(G). *Playtex Prods.*, 2016 WL 1276450, at *11 (granting request

BURSOR&FISHER
P.A.

PAGE 2

to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting "material concerning the defendants' marketing strategies, product development, costs and budgeting" contain "highly proprietary material" and therefore may remain under seal).

3. Portions of Plaintiff's 56.1 Statement of Material Facts that rely on or reference the aforementioned documents.

4. Portions of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgement that rely on or reference the aforementioned documents.

Were any of these documents to be disclosed, Defendants would be competitively harmed. *Playtex Prods.*, 2016 WL 1276450, at *11. Accordingly, for the reasons set forth above, Plaintiff respectfully request that the Court allow these documents to be filed under seal pursuant to Fed. R. Civ. P. 26(c)(1)(G).

Pursuant to Rule IX.A of Your Honor's Individual Practices, I have (1) publicly filed this motion; (2) publicly filed each of the aforementioned documents with the proposed redactions; and (3) filed each of the aforementioned documents under seal with the proposed redactions highlighted.

Granted.

So Ordered.
10/21/25

Respectfully submitted,

Max S. Roberts

cc: All Counsel of Record (via ECF)