UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TANYSHA NEWMAN,                                    :
individually and on behalf of all others similarly  :
situated,                                          :
               Plaintiff,               :
                            :         **OPINION AND ORDER**

v.                                                 :
                            :         22 CV 7087 (VB)
                            :
BAYER CORPORATION and BAYER                        :
HEALTHCARE LLC,                                    :
               Defendants.              :
--------------------------------------------------------------x

Briccetti, J.:

    Lead plaintiff Tanysha Newman brings this putative class action against Bayer

Corporation and Bayer Healthcare, LLC (collectively, "Bayer"), alleging

the labeling on defendants' "gummy" or "chewable" line of One A Day supplements (the

"Product") is deceptive and misleading. Plaintiff brings claims for violations of New York

General Business Law ("NYGBL") § 349..[1]

    Now pending is defendants' motion for partial summary judgment or, in the alternative,

class decertification. (Doc. #125). For the reasons set forth below, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2).

---

[1]    Plaintiff originally brought claims for (i) common law breach of express warranty; (ii) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., and (iii) violations of Sections 349 and 350 of the NYGBL. She subsequently sought class certification only on her Section 349 claim. At this point, plaintiff appears to be pursuing a claim only under Section 349. (See Doc. #148 at 1).

1

## BACKGROUND

The parties have submitted briefs, statements of material facts pursuant to Local Civil Rule 56.1, and declarations with exhibits. These submissions reflect the following factual background.

I.  One A Day VitaCraves Products

Defendants sell a line of vitamin supplements under the One A Day brand. The One A Day brand is built around the premise that a consumer needs only to consume one supplement per day to get the full nutritional benefit. In contrast, the One A Day gummies or chewable line requires two or more supplements to get the full nutritional benefit. Each of the Products has the challenged representation—"One A Day"—on the front of the bottle. Plaintiff alleges the label for the Product is deceptive because it leads consumers to believe the serving size of the product is one gummy, when in fact it is two. Plaintiff further alleges this deceptive practice permits defendants to charge a price premium compared to competitive products.

II.  Class Certification

Plaintiff sought to certify a class on her Section 349 claim for "[a]ll persons who, within the applicable statute of limitations period, purchased in the State of New York any of Defendants' One A Day Vita[C]raves Products for personal, family, or household purposes (the 'Class')." (Doc. #70 at 1).

In support of her motion for class certification, plaintiff submitted the expert report of Robert L. Klein who designed, conducted, and analyzed a market research survey to determine whether a significant number of the relevant consumers were misled by defendants' One A Day name and how many gummies they thought were in a serving size. Klein concluded "28.6% of all the respondents who saw a package with the One A Day brand name believed the product's

package communicated that they should take one gummy per day, as compared to the 1.5% of respondents who saw the same package with the VitaCraves brand name, with a net result of 27.1% respondents being confused." (Doc. #146 ("Roberts Decl.") Ex. 6 at 2)..[2]

In opposition to plaintiff's class certification motion, defendants argued the proposed class was vastly overbroad because class members could be uninjured and therefore lack standing. Judge Karas declined "to address the merits of Defendants' argument, or Plaintiff's assertions to the contrary, because this argument is more appropriate for summary judgment as opposed to class certification. See In re Kind LLC "Healthy and All Natural" Litig., 627 F. Supp. 3d 269, 283–92 (S.D.N.Y. 2022) (addressing at summary judgment, and after class certification, whether record evidence 'could allow a factfinder to determine a reasonable consumer's understanding of [the alleged deceptive statement]')."[3] (Doc. #111 at 21 n.2).

Defendants also argued individual issues predominated over class issues as class members may have different interpretations of the disputed language. Judge Karas found (i) defendants' deceptive acts were directed at consumers because the deceptive statement at issue appeared in large letters on the front of the Product's package; (ii) materiality could be determined on a class-wide basis because whether class members suffered an economic harm when they paid a premium based on a misleading claim would be determined by class-wide evidence; and (iii) injury was adequately alleged by a claim plaintiff paid a premium for the product based on defendants inaccurate representations.

---

[2]    "ECF ___ " refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3]    In re Kind LLC "Healthy and All Natural" Litig., 627 F. Supp. 3d 269 (S.D.N.Y. 2022), does not contain any analysis of class members' standing, but rather focuses on the merits of the case at summary judgement

3

The Court certified the Class over defendants' objections. After Judge Karas certified the class, the parties confirmed discovery was complete, with two limited exceptions not relevant to the present motion.

III.    Consumer Research Studies of One A Day Products

To establish defendants were able to charge a price premium on the Product based on deceptive labeling, plaintiff relies on third party marketing research studies conducted for defendants' other One A Day products. ███████████████████████

████████████████████████████████

████

    ████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████

    ████████████████████████████

████████████████████████████

████████████████████████████

4

██████████████████████████████████████████████

███████████████████████████████

## DISCUSSION

I.   <u>Standard of Review</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). [4]

A fact is material when it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  <u>Wilson v. Nw. Mut. Ins. Co.</u>, 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  <u>Zalaski v. City of Bridgeport Police Dep't</u>, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of its case on which it has the burden of proof, then summary judgment is appropriate.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 249–50.  The

---

[4]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). "[T]he mere existence of a scintilla of evidence" supporting the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004). Bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.    Article III Standing

Defendants argue the absent class members do not have standing because plaintiff has adduced no evidence of injury in fact.

The Court disagrees.

To establish Article III standing, "(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016). The Second Circuit has noted "[i]njury in fact [for Article III standing] is a low threshold, which . . . need not be capable of sustaining a valid cause of action." Ross v.

6

Bank of Am., N.A., 524 F.3d 217, 222 (2d Cir. 2008).  In a class action, every class member must have standing and establish he suffered a concrete injury in order to recover individual damages.  TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021).

At summary judgment, as the party invoking federal jurisdiction, plaintiff "bears the burden . . . to set forth by affidavit or other evidence specific facts establishing its standing." Saba Cap. Cef Opportunities 1, Ltd. v. Nuveen Floating Rate Income Fund, 88 F.4th 103, 111 (2d Cir. 2023).  Plaintiff must only produce "evidence showing the presence of a genuine issue regarding standing that would warrant resolution by trial." Lugo v. City of Troy, 114 F.4th 80, 88 (2d Cir. 2024).

It is well-established in this Circuit that overpaying for a product resulting in a financial loss constitutes a particularized and concrete injury in fact for purposes of Article III standing. See, e.g., John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017); Cantor v. Beech-Nut Nutrition Co., 2026 WL 304246, at *2 (2d Cir. Feb. 5, 2026) (summary order); Hardy v. Olé Mexican Foods, Inc., 2023 WL 3577867, at *1 (2d Cir. May 22, 2023) (summary order). Here, plaintiff has adduced specific facts establishing a genuine issue of material fact as to whether defendants were able to charge a price premium on the Product based on deceptive labeling. ██████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

7

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████ Bayer placed an emphasis on the one pill per day message in other product lines and knew consumers were confused about two pill dosing. Yet, Bayer still did not prominently disclose the serving size on the Product label, which a rational jury could tie to the charging of a price premium.

Defendants argue a plaintiff in a consumer deception case who was not deceived has not suffered an Article III injury in fact. Accordingly, defendants posit that without individual affidavits or testimony setting forth each class member paid a price premium and was deceived, absent class members cannot have standing. According to defendants, the Supreme Court's decision in TransUnion LLC v. Ramirez precludes a finding of standing here as the "only class member Plaintiff offered any evidence of injury for is Plaintiff herself—through her deposition testimony." (Doc. #126 at 7). And because Klein's survey (i) does not establish injury for the 72.9% of class members who were not deceived and (ii) only establishes 27.1% of the class was deceived but does not show which class members were deceived, Klein's expert report does not prove whether any absent class member suffered injury in fact.

The Court is not persuaded.

In support of the proposition that "a plaintiff in a consumer deception case who was not deceived has not suffered an Article III injury in fact," defendants cite only inapplicable and/or out of circuit cases. (Doc. #126 at 8); Atik v. Welch Foods, Inc., 2016 WL 5678474, at *6 (E.D.N.Y. Sep. 30, 2016) (discussing standing for named plaintiffs in the context of a non-price premium case on a motion for injunctive relief); Estrada v. Johnson & Johnson, 2015 WL 1440466, at *2 (E.D. Cal. Mar. 27, 2015); Sanders v. Apple Inc., 672 F. Supp. 2d 978, 991 (N.D.

8

Cal. 2009). However, defendants have identified no authority—nor is the Court aware of any—suggesting absent class members lack standing if they paid a price premium but were not misled.[5] To the contrary, "[i]f there is a price premium, then every purchaser . . . paid more than they otherwise would have, so every purchaser was injured." In re Amla Litig., 328 F.R.D. 127, 135 (S.D.N.Y. 2018).[6] Further, courts in this Circuit have routinely held a customer is injured if they paid a price premium even if they did not rely on the deceptive statement. See Carovillano v. Sirius XM Radio Inc., 715 F. Supp. 3d 562, 582 (S.D.N.Y. 2024); In re AXA Equitable Life Ins. Co. COI Litig., 2020 WL 4694172, at *10 (S.D.N.Y. Aug. 13, 2020).

Accordingly, defendant's partial summary judgment motion as to absent class members for lack of standing must be denied.

III.   Class Decertification

Defendants also argue, in the alternative, the Court should decertify the class because determining which absent class members suffered injury in fact would require tens of thousands of mini trials, such that the ascertainability and predominance requirements for class certification are not met.

---

[5]   The Court has considered the dicta in Ghaznavi v. De Longhi Am., Inc., 2023 WL 4931610, at *6 (S.D.N.Y. Aug. 2, 2023), which posited that "consumers who are aware of a product's true nature (in other words, to whom the terms of the deal are fully disclosed) cannot claim that they would have paid less for a product had they been informed." But that case concerned an allegedly unlawful warranty and held that the representation that a warranty was enforceable was implied, not explicit. Those circumstances are fundamentally different from deceptive labeling cases, such as this case. Further, in so ruling, the Ghaznavi court cited cases focusing on injunctive relief for forward looking harm, which are also distinct from this case.

[6]   Defendants attempt to distinguish In re Amla Litigation because it "involved a 'straightforward' price premium theory that, unlike Plaintiff's theory here, was not 'unclear or speculative' and did not involve potential 'confounding variables'." (Doc. #151 at 5 n.5). Defendants do not specify the "confounding variables" here or how plaintiff's theory is "unclear" or "speculative." Rather, the Court finds the case at hand to rely on a straightforward price premium theory.

Once certification has been granted, district courts have an obligation to "ensure that a certified class satisfies Rule 23 throughout the litigation." Jin v. Shanghai Original, Inc., 990 F.3d 251, 262 (2d Cir. 2021). If at any point the class fails to satisfy the requirements of Rule 23 after the initial certification, the court should decertify the class. Amara v. CIGNA Corp., 775 F.3d 510, 520 (2d Cir. 2014). "Decertification may be justified when a significant intervening event or other compelling reasons indicate that Rule 23 is no longer satisfied, such as new information obtained in post-certification proceedings or findings made during the course of discovery." Metcalf v. TransPerfect Translations Int'l Inc., 2026 WL 865683, at *5 (S.D.N.Y. Mar. 30, 2026).

Decertification is not justified here.

A.      Predominance

Judge Karas provided a robust explanation of why the predominance requirement is met in this case. (See Doc. #111 at 21–26). Defendants do not provide any significant intervening event or other compelling reason showing Rule 23 is no longer satisfied. As the Court has addressed the issue ad nauseum it is not necessary to reiterate it here, but most importantly "neither Section 349 nor 350 requires proof of reliance, see Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 941 (N.Y. 2012), nor proof that defendants intended to mislead consumers, see Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (N.Y. 1995)." (Doc. #111 at 22–23).

The cases defendants cite for why predominance is not satisfied arise in inapposite contexts, such as those pertaining to wages or multiple distinct false statements. See In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Pracs. Litig., 2015 WL 5730022, at *5 (S.D.N.Y. Sep. 30, 2015) (predominance not satisfied when there was "material variation" in

10

both the representations made and "the kinds or degrees of reliance by the persons to whom they were addressed," unlike a situation in which all products were described as 100% pure olive oil); Zivali v. AT & T Mobility, LLC, 784 F. Supp. 2d 456, 469 (S.D.N.Y. 2011) (decertifying collective action in FLSA context because "the evidence points to an extremely wide range of company practices in the context of varied factual and employment settings" and because plaintiffs would need to prove each individual manager had actual or constructive knowledge of the off duty work performed); Bowerman v. Field Asset Servs., Inc., 60 F.4th 459, 466–67, 469 (9th Cir. 2023) (reversing class certification because of the complexity of the individualized questions which required individual testimony regarding number of hours worked by each plaintiff in order to determine damages on wage claims); Reid v. A-Plus Care HHC Inc., 2025 WL 1703066, at *6 (S.D.N.Y. June 18, 2025) ("determining the tasks that aides performed during a particular shift . . . is a highly individualized inquiry that is not conducive to classwide resolution."); In re Aluminum Warehousing Antitrust Litig., 336 F.R.D. 5, 63 (S.D.N.Y. 2020) (individualized inquiries would be required to determine the contract terms under which each class member purchased because each contract referenced the price in a distinct way).

Here, as Judge Karas concluded, all consumers would have the same injury. They all viewed the same label, and plaintiff would not need to prove reliance on the deceptive label or an intent on the defendants' part to deceive. (Doc. #111 at 23–26). Injury here is not complex or highly individualized. It is the charging of a price premium on one product because of one deceptive labeling element—more similar to bottles labeled 100% pure olive oil than to determining hours worked and tasks completed by various employees. Thus, either all class members were injured or they were not. Drake v. Bayer Healthcare LLC, 2026 WL 1079027, at *2 (9th Cir. Apr. 21, 2026) (upholding class certification for Section 349 claim even though

11

plaintiff's expert concluded the challenged statement was not universally misleading).  The predominance requirement is satisfied.

B.    Ascertainability

"The ascertainability doctrine that governs in this Circuit requires only that a class be defined using objective criteria that establish a membership with definite boundaries."  In re Petrobras Sec., 862 F.3d 250, 264 (2d Cir. 2017).  The standard is "not demanding and is designed only to prevent the certification of a class whose membership is truly indeterminable." Ebin v. Kangadis Food Inc., 297 F.R.D. 561, 568, 567 (S.D.N.Y. 2014).

Defendants argue "[i]ndividualized questions regarding absent class member injury in fact will defeat ascertainability."  (Doc. #126 at 18).  But this Court is bound by Second Circuit precedent that dictates otherwise.  In this Circuit, ascertainability does not require that class members can be identified without extensive and individualized fact-finding or mini trials.  In re Petrobras Sec., 862 F.3d at 264.  Defendants recognize as much and simply preserve their right to argue on appeal that Petrobras was wrongly decided.  (Doc. #126 at 18–19).  The reasoning applied by Judge Karas in the class certification order still stands and plaintiff offers no compelling reason why this Court should reach a different conclusion.  (Doc. #111 at 20–21).

## CONCLUSION

The motion for partial summary judgment or, in the alternative, class decertification, is DENIED.

The Court will conduct a case management conference on **June 10, 2026, at 2:30 p.m.,** to be held at the White Plains courthouse, Courtroom 620.  At that conference, counsel shall be prepared to discuss next steps in this case, including, among other things, what good faith efforts they have made and will continue to make to settle this case, as well as a schedule for submitting

a proposed notice plan. By June 3, 2026, counsel shall submit a joint letter regarding the foregoing, and any other matters they wish to discuss at the June 10 case management conference.

The Clerk is instructed to terminate the motion. (Doc. #125).

Dated: May 6, 2026
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

13